UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSIE HAYNES,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 17-1400 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.  SUMMARY**

On July 12, 2017, plaintiff Susie Haynes filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; July 13, 2017, Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 4, 2012, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on May 14, 2011, due to depression, seizures, joint problems, arthritis, high blood pressure, asthma, heart burn, and ADD. (Administrative Record ("AR") 16, 189, 191, 211).

On July 26, 2013, a prior Administrative Law Judge determined that plaintiff was not disabled from May 14, 2011, through the date of the decision ("Pre-Remand Decision"). (AR 16-30). The Appeals Council denied plaintiff's application for review of the Pre-Remand Decision. (AR 4).

On March 1, 2016, this Court entered judgment reversing and remanding the case due to legal errors in the Pre-Remand Decision. (AR 503-15). On September 15, 2016, the Appeals Council, in turn, remanded the case for further administrative proceedings. (AR 524-25). In its remand Order, the Appeals Council noted that on April 23, 2016, the State Agency had found plaintiff disabled beginning May 1, 2015 ("State Agency Determination") in connection with new applications for benefits plaintiff had filed on May 29, 2015. (AR 524). The Appeals Council affirmed the favorable State Agency Determination, but remanded the instant case for further administrative proceedings with respect to the period that had not been addressed by the State Agency Determination (*i.e.*, prior to May 1, 2015). (AR 524).

On remand the ALJ examined the medical record and on March 2, 2017, heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 441-85).

///

1         On April 26, 2017, the ALJ determined that plaintiff was not disabled for the closed period from May 14, 2011 (plaintiff's alleged onset date) through April 30, 2015 (the last day of the "closed period" the ALJ had considered per the Appeals Council's remand order) ("Post-Remand Decision"). (AR 419-33). Specifically, the ALJ found that during the closed period: (1) plaintiff suffered from the following severe impairments: arthritis with degenerative joint disease in the knees and possible degenerative joint disease in the ankles, hypertension, asthma, left carpal tunnel syndrome, obstructive sleep apnea, right trigger thumb, obesity, cognitive disorder, learning disorder, mood disorder, depression, and history of attention deficit hyperactivity disorder (AR 422); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 422-24); (3) plaintiff retained the residual functional capacity to perform work at less than the light level of exertion (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 424); (4) plaintiff had no past relevant work (AR 431); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 432); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 425).

///
///

---

[1] The ALJ determined that plaintiff could (i) stand and/or walk for four hours during an eight-hour workday; (ii) occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds; (iii) occasionally balance, stoop, kneel, crouch, and crawl; (iv) not engage in repetitive use of the left non-dominant hand; (v) not have concentrated exposure to fumes, odors, dusts, gases, or poor ventilation; (vi) not work around unprotected heavy machinery or unprotected heights; (vii) understand, remember, and carry out simple job instructions, but nothing above Level 2 reasoning; (viii) not perform work that would require directing others, or involve abstract thought or planning; (ix) not do fast paced production work; and (x) tolerate only occasional changes in work setting. (AR 424).

## III. APPLICABLE LEGAL STANDARDS

### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citations omitted) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by

4

substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (citation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099); see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among other things, "set[] forth a discussion of the evidence" and state "the reason or reasons upon which it is based"); 20 C.F.R. § 404.953(a) ("The administrative law judge shall issue a written decision that gives the findings of fact and the reasons for the

decision."); Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196-97 (1947) (administrative agency's determination must be set forth with clarity and specificity).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff argues that the Post-Remand Decision does not adequately explain why the ALJ found plaintiff not disabled through the last day of the closed period (April 30, 2015) when the state agency had granted plaintiff disability benefits starting just one day later (May 1, 2015). (Plaintiff's Motion at 11-14). The Court agrees that a remand for further administrative proceedings is appropriate.

In short, there is a reasonable possibility that the state agency's decision to grant plaintiff benefits effective May 1, 2015, was based on significant probative evidence that the ALJ here had not considered before finding plaintiff not disabled just a day earlier. For example, while the Post-Remand Decision reflects that the ALJ was clearly aware of the State Agency Determination, it does not adequately explain why the ALJ and the state agency reached entirely different decisions regarding plaintiff's alleged disability just one day apart. The Post-Remand Decision appears to suggest that plaintiff's condition may have become disabling on May 1, 2015, essentially because "on May 1, 2015, abnormal gait with additional complaints were documented [for plaintiff], consistent with decompensation." (AR 428) (citing Exhibit 19F at 52 [AR 788]). The treatment note the ALJ references, however, also suggests that plaintiff's condition may have deteriorated at some point prior to May 1, 2015 – *i.e.*, during the closed

period at issue here). (AR 788 [May 1, 2015, treatment note that plaintiff had "pain [in] right upper outer thigh due to abnormal gait" and that "the right hip started getting worse [sic] *last few weeks*"]) (emphasis added).

In addition, the Post-Remand Decision does not address multiple other treatment notes in the instant Administrative Record – several of which also appear to document treatment of plaintiff *during* the closed period. (Compare AR 425 [Post-Remand Decision noting "[ALJ] has reviewed and considered the complete medical history . . . including evidence from the period prior to the [plaintiff's] alleged onset date (Exhibits 1F-14F)"] and AR 425-30 [Post-Remand Decision citing portions of only Exhibits 1F-3F, 5F, 7F-14F, 19F, 20F, 22F], with AR 370-737, 872-78, 920-74 [Exhibits 15F-18F, 21F, 23F-26F]); cf., e.g., Garrison, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ must provide explanation when rejecting "significant probative evidence") (citation omitted).

Moreover, defendant points to nothing in the instant record which readily reconciles the seeming inconsistency between the Post-Remand Decision and the State Agency Determination. For example, defendant asserts that "[i]t is clear from the Appeals Council's order that the favorable [State Agency Determination] was supported by substantial evidence from that later period . . . ." (Defendant's Motion at 4). The Appeals Council's order, however, simply states in a conclusory manner that the State Agency Determination was "supported by the substantial evidence of record" (AR 524), which does not explain how the Commissioner's seemingly contradictory determinations might be reconciled.
///

Accordingly, a remand is required so that the Commissioner may evaluate whether the non-disability determination reached in the Post-Remand Decision is supported by substantial evidence. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) (remand for "further consideration of the factual issues is appropriate to determine whether the outcome of [ALJ's denial of application for disability benefits] should be different" where there is "'reasonable possibility' that subsequent grant of benefits was based on new evidence not considered by [] ALJ.") (citing Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984)); Walters v. Colvin, 213 F. Supp. 3d 1223, 1229 (N.D. Cal. 2016) (same) (citing id.).

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 31, 2018

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court has not adjudicated and need not adjudicate plaintiff's other challenges to the Post-Remand Decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. See generally Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) (When an ALJ's decision is reversed "the proper course, except in rare circumstances, is to remand to the [Commissioner] for additional investigation or explanation.") (citations and internal quotation marks omitted); see also Treichler, 775 F.3d at 1099 ("The ordinary remand rule applies equally to Social Security cases.") (citations omitted).